Nash, C. J.
 

 Three questions are presented for our consideration : Upon the first, we shall express no opinion, inasmuch as it is not likely, on a second trial, the second deposition of Oliver will be used for the purpose contemplated on the former.
 

 The 2nd question is as to the admissibility of the testimony of the witness, Moore. The action is upon a single bill, or bond, and the plea of
 
 non est faet/am
 
 alone relied on. The defendant contended, that although the signature to the instrument declare on, was the hand writing of his testator, yet the body of it was a forgery; the original writing having been removed by some Chemical process, and the present writing substituted. To show that this could be done, the witness, Moore, was introduced. Pie testified that he had just seen an experiment performed, whereby legible writing, with ordinary ink, had been erased and extracted from a piece of paper (which he then held in his hand) by the application of certain chemicals.
 

 
 *72
 
 This witness stated be was no professed chemist, but bad only been in a drug store a few weeks back, and knew little or nothing of the science ; and could giro no opinion on any branch thereof. The admission of this testimony, after objection by the plaintiff, was erroneous. It is a general principle of the law of evidence, that no man shall be permitted to manufacture evidence for himself. Immediately before the trial an ignorant man is taken to a room, a paper is produced, and pouring on it a chemical preparation, the writing is obliterated, and he comes into Court to show the paper and tell what he saw. We know there are inks variously manufactured ; some from minerals and others from vegetables. To pick up a man who tells you he is entirely ignorant of all these things, is throwing no light upon the subject, and is well calculated to mislead the jury. Daily experience teaches every man who is in the habit of writing, that ink, which is freshly applied to paper, is much more esily obliterated than that which has been for a long time on the paper. The latter sinks into the paper, and gets dry and hard, while the former rests on the surface, and simple water will remove it.
 

 The witness, Moore, did not state whether the paper experimented on, had been recently impressed with the writing, or whether it was a writing of long standing, or whether it was written then, merely for the purpose of enabling him to testify in Court what he saw. The simple fact by itself, as stated by this witness, was not entitled to the character of evidence. A Yery happy illustration was used by the counsel at the bar, to show the incompetence, as evidence, of the fact so testified to by the witness. A man is indicted for murder, from a blow on the head; the instrument a small stick; the doubt is, whether the instrument used was likely to produce death. The State calls a witness to swear that ho saw a man killed by a stroke on the head with a stick of the same size, as the one used by the prisoner. Would this evidence be received? Surely not. And yet it would be as competent, and as much to the purpose, as the evidence we are considering. His Honor erred in admitting the evidence.
 

 
 *73
 
 Here we might close our opinion; but as on another trial the third objection
 
 may
 
 occur, wo think it right to express our opinion upon it. ITis Honor was requested bj the plaintiff’s counsel, to charge the jury, that the signature to the instrument, having been admitted, it was for the defendants then to satisfy the jury that it was a forgery ; but the Court was of a different opinion, and charged that the plea imposed upon the plaintiff the burthern of proof, and that it was for him to satisfy them that it was the bond of the testator. There is no error. In the argument before us, the counsel of the plaintiff relied on “ Best on presumptions, page 75.” He says, “ things there presumed are divisible into three classesthe first and second do not reach this case : we have now only to do with the third.
 

 “ Where, from the existence of a posterior act or acts, in a supposed chain of events, the existence of prior acts are inferred or assumed,
 
 ubipriora preesumunbur a poster ioribus.
 

 2nd. Where the existence of the posterior act is inferred from that of prior acts; as where the sealing and delivering of a deed, purporting to be signed,.sealed and delivered, on proof of signing only, the sealing and delivering are to be inferred;
 
 prmsumxmtur posteriora a prioribus,
 
 sec. 62.”
 

 This latter branch of the statement by Mr. Best, certainly does bear out the position taken by the counsel, and sustains the instructions required.
 

 If from the proof of signing, sealing and delivering are to be assumed as a matter of law, then it follows as a necessary consequence, that it devolved upon the defendant to sustain the negative, by showing that the instrument was not sealed and delivered. But, Mr. Best, in the 71st section, explains his meaning — “ and there are many instances of the application of this presumption, even where it is strictly necessary to provo the execution of an attested instrument. Thus when a deed is produced, purporting to have been executed in due form, by signing, sealing and delivering, but the attesting witness can only speak in fact of the signing, it
 
 may be properly left to the jury
 
 to presume a sealing and delivery,” and for this he cites the case of
 
 Burling
 
 and
 
 Patterson,
 
 38 E. C. L. R. 233. It
 
 *74
 
 was an issue directed by the Court of Queen’s bench, to try whether certain goods were, on a certain day, the property of the plaintiff. In the course of the trial, it became important to ascertain the validity of an instrument of writing purporting to be signed, sealed and delivered by one Sophia Wray. Justiob PatteRsoN told the jury, “the witness recollects her signing it, which is the least material part; however, you will say, whether this evidence
 
 satisfies
 
 you, 'that Sophia Wray authenticated the seal, &c.” The deed was in the usual form, and the subscribing witness could only recollect seeing Sophia Wray sign the deed, and could not recollect whether any other form was observed. The instruction asked in our case, was based upon the idea, that from the proof of signing, the
 
 law
 
 inferred the sealing and the delivery; whereas Justiob PattebsoN considered it a question of fact, which the
 
 jury
 
 might infer, and such must have been the idea of his Honor who tried the case below; for he uses very nearly the language used by the Court in
 
 Burling*s
 
 case, “ if this evidence, (to wit, the proof of the signature) satisfies you, &c.,” and when the instrument purports to be executed with all the due forms of law, the inference is strong as a matter of fact, that
 
 posteriora aprioribus
 
 prcBSumwntur, and the jury might well draw the inference. Such we understand to be the charge of the Court.
 

 But for the error as to the téstimony of Moore, there must be a
 
 venire de novo.
 

 Pek OubiaM. Judgment reversed.